# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05-CV-260-DCK

| | |
|---|---|
| YVONNE SANDERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOANNE BARNHART, )<br>Commissioner, Social Security Administration, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion for Summary Judgment" (Document No. 17) and "Plaintiff's Brief Supporting Motion for Summary Judgment" (Document No. 18), filed March 30, 2007; and the Defendant's "Motion for Summary Judgment (Document No. 21) and "Memorandum in Support of the Commissioner's Decision" (Document No. 22), filed June 8, 2007. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will <u>deny</u> Plaintiff's Motion for Summary Judgment, <u>grant</u> the Commissioner's Motion for Summary Judgment, and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

On February 11, 2002, Plaintiff applied for a period of disability and Disability Insurance Benefits, alleging a disability onset date of August 24, 2001 as a result of chronic pain in her

dominant right arm. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held April 25, 2004. Plaintiff amended her alleged onset date of disability to February 17, 2003. On May 25, 2004, the ALJ issued an opinion denying Plaintiff's claim. Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On April 25, 2005, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on June 3, 2005, and the parties' cross-motions for summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d

343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from chronic pain in her dominant right arm, an impairment that is considered to be "severe" within the regulatory meaning, but that does not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the residual functional capacity to perform a wide range of "light" and "medium"

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

work of an unskilled nature except for work involving lifting more than fifty pounds maximum or frequently lifting and carrying over twenty-five pounds with her non-dominant left hand, lifting or carrying over five pounds with her dominant right hand and could do no more than occasional fingering, handling or gripping with her right hand; that Plaintiff has a tenth grade education that is considered "limited" under the regulations; that Plaintiff is a younger individual; that Plaintiff is not able to return to her past relevant work; but that, based upon her residual functional capacity ("RFC"), Plaintiff could perform work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends on appeal that the substantial weight of the evidence does not support the ALJ's finding that she was not disabled. Specifically, Plaintiff claims that the ALJ erred at step five of the sequential evaluation process by failing to identify and resolve conflict between vocational expert testimony and information in the Dictionary of Occupational Titles ("DOT"). While certainly it is important that the ALJ provide an adequately detailed explanation of his conclusions, the ultimate issue here is whether there is substantial evidence to support the ALJ's determination that Plaintiff is not disabled. The undersigned concludes that the ALJ's treatment of medical records from Plaintiff's treating physicians, evidence from the non-treating physicians, consultative examinations, psychological evaluations and the Plaintiff's subjective complaints of pain were proper. The undersigned further concludes that there is substantial evidence to support the ALJ's findings regarding Plaintiff's impairment, as well as the ultimate conclusion that Plaintiff was not disabled so as to preclude her from working.

Plaintiff does not assert error regarding the ALJ's determination of her RFC; rather she contends that the inconsistency between the vocational expert's testimony and the DOT leaves the ALJ with inadequate evidence to support a finding that she could perform work existing in significant numbers in the economy. Plaintiff concludes that the ALJ improperly relied on the testimony of the vocational expert because the ALJ did not resolve the conflict in evidence, and therefore no substantial evidence exists to support the determination that she is not disabled. The undersigned disagrees and finds that the vocational expert's testimony properly provides substantial evidence to support the ALJ's findings. Furthermore, the undersigned finds that there is no actual or evident inconsistency that would require an explanation and resolution by the ALJ.

The ALJ's reliance on the vocational expert's testimony was appropriate and proper. As noted in the Defendant's brief, vocational expert testimony as to the existence of jobs will constitute substantial evidence in support of the ALJ's determination if it is in response to a hypothetical question based on an accurate RFC. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). The ALJ did indeed pose a hypothetical question to the vocational expert that included all of Plaintiff's limitations as described in the RFC finding. In response to the hypothetical, the vocational expert gave three suggestions for light work found in significant numbers in North Carolina, including: a companion (3200 jobs), separator/sorter (3800 jobs), and narrow fabrics examiner (1385 jobs). (Tr. 292). This testimony from the vocational expert provides the necessary substantial evidence to support the ALJ's determination.

The undersigned finds that there is no actual conflict such as to require an explanation by the ALJ before relying on the vocational expert's testimony. The requirements of Social Security

Ruling 00-4p state that:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled. At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

The court need not consider remanding on these grounds unless there exists an actual or evident unresolved conflict between the DOT and the vocational expert's testimony. See Brown v. Barnhart, 408 F.Supp.2d 28, 34-35 (D.D.C. 2006).

Plaintiff asserts that, according to the DOT and contrary to the vocational expert, the above-listed jobs, may have requirements that exceed her RFC. Specifically, Plaintiff contends that the DOT listings for separator/sorter and narrow fabrics examiner require performance of activities that involve significant use of both hands and may require lifting more than five pounds with the right hand and more than occasional fingering, gripping, or handling with the right hand. (Pl. Brief 7). However, contrary to these assertions, the DOT descriptions for these jobs do not require such specific activities of the right hand. See DOT at 309.677-010; 361.687-014; 689.687-022. While the jobs may require some activity beyond the limitations of Plaintiff's right hand, those tasks may be performed by the left hand with occasional assistance from the right hand. See Diehl v. Barnhart, 357 F.Supp.2d 804, 822 (E.D.Pa. 2005); see also SSR 83-12. Moreover, the vocational expert stated that the light jobs listed could be performed, for the most part, by using the left hand with some help from the right hand. (Tr. 292-93). The undersigned concludes from the above evidence that SSR

00-4p does not bar the ALJ from relying on the vocational expert testimony to support his findings that there is no actual conflict between the vocational expert and the DOT.

Regarding Plaintiff's complaint concerning the ALJ's evaluation of her ability to perform the companion job, the undersigned finds that there is no cause for remand. Plaintiff argues that because she lacks the intellectual demands listed for this job, the ALJ erred in concluding that she could perform as a companion. The Commissioner notes that there is conflicting evidence regarding Plaintiff's intellectual functioning and its effect on her ability to work in certain environments. (Df. brief 6-7). However, the undersigned concludes that regardless of whether Plaintiff retains the intellectual abilities to meet the requirements for the companion job, there is still substantial evidence that she could perform light work as indicated in the other two job options.

Assuming, arguendo, that Plaintiff does not meet the requirements for the companion job, the other two job options provide the substantial evidence needed to support the ALJ's step five findings in the sequential evaluation process. Both the separator/sorter and narrow fabrics examiner jobs are unskilled and intellectually compatible with Plaintiff's RFC. In addition to the vocational expert testimony, Dr. Alexander Julian, in a psychological evaluation, also indicated that Plaintiff could perform simple, light duty work, which is consistent with the type found in the other two listed jobs. (Tr. 103). Because both the vocational expert and the DOT indicated that there were at least two jobs which existed in significant numbers in North Carolina that also met the requirements for Plaintiff's RFC, any error by the ALJ in his findings regarding the companion job was benign. See Brown, 408 F.Supp.2d at 36. Therefore, the undersigned concludes that remand is not warranted as there is substantial evidence to support the ALJ's determinations.

Based on the foregoing, the undersigned concludes that substantial evidence supports the

ALJ's assessment of Plaintiff's RFC and the ultimate finding that Plaintiff was not disabled for Social Security purposes.

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

The Plaintiff's "Motion for Summary Judgment" (Document No. 17), filed March 30, 2007, is **DENIED**; the Defendant's "Motion for Summary Judgment (Document No. 21), filed June 8, 2007, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: July 19, 2007

David C. Keesler
United States Magistrate Judge